# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| BERT WAYNE DAVISSON, et al., | |
| Defendants. | |

Presently before the court is defendant Bert Wayne Davisson's motion for the appointment of additional counsel (ECF No. 1051), filed on August 13, 2018. Joinders were filed by defendants Henderson and Juarez. (ECF Nos. 1085, 1092). The government filed a response (ECF No. 1181) on September 27, 2018.

Also before the court is defendant John Siemer's motion for the appointment of co-counsel (ECF No. 1084), filed on August 14, 2018. The government filed a response (ECF No. 1183) on September 27, 2018.

Defendants Davisson and Siemer move for the appointment of additional counsel to assist in their defense. (Mot. for Appointment of Additional Counsel (ECF No. 1051); Mot. for Appointment of Counsel (ECF No. 1084).) The government responds noting that issues regarding defense counsel should be resolved by the court and defense counsel. (Resp. (ECF Nos. 1181, 1183).) The government also notes that defendants with additional counsel were initially facing the death penalty. (Resp. (ECF No. 1181).)

The United States Constitution entitles criminal defendants to the assistance of counsel. US Const. Amend. VI. Accordingly, the Criminal Justice Act directs district courts to appoint counsel for criminal defendants "financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). While there is no constitutional provision entitling a criminal defendant to more than one attorney, statutory law permits the assignment of learned counsel in limited circumstances.

1 | 18. U.S.C § 3005.  Learned counsel may be appointed upon the defendant's request, if the
2 | defendant is indicted for treason or a capital crime. *Id.*

3 | Here, Davisson argues that additional counsel is necessary because his current counsel is
4 | located in a Las Vegas, Nevada, and that he is located in Reno, Nevada.  Siemer requests that the
5 | court appoint attorney Daniel Hill as co-counsel, given that Hill was previously appointed to
6 | represent Siemer in this case on a matter appealed to the Ninth Circuit.   Defendants' arguments
7 | do not provide a cognizable basis to appoint additional counsel under the Criminal Justice Act.
8 | *See* 18 U.S.C. § 3005. The grand jury did not indict Siemer or Hill for treason or a capital crime.
9 | Further, codefendants with additional counsel were initially facing the death penalty, warranting
10 | the appointment of learned counsel.  Lastly, the court appointed attorney Daniel Hill for the sole
11 | purpose of resolving the Siemer's appeal to the Ninth Circuit.  (Order (ECF No. 657).)  As such,
12 | the court finds no adequate justification extend Hill's services.  Therefore, the court will deny
13 | defendants' motions for the appointment of additional counsel.

14 | IT IS THEREFORE ORDERED that defendant Davisson's motion for the appointment of
15 | additional counsel (ECF No. 1051) is DENIED.

16 | IT IS FURTHER ORDERED that defendant Siemer's motion for the appointment of co-
17 | counsel (ECF No. 1084) is DENIED.

18 | IT IS FURTHER ORDERED that defendants Henderson and Juarez's motions for joinder
19 | (ECF Nos. 1085, 1092) are granted.

20 | IT IS FURTHER ORDERED that defendant Juarez's motion for leave to file one day late
21 | joinders (ECF No. 1086) is GRANTED.

23 | DATED: November 2, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE