**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JOHN CHRISPIN JUAREZ, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cr-00265-GMN-CWH-23 <br><br> **ORDER** |

Pending before the Court is Defendant John Chrispin Juarez's ("Defendant") Motion for Review, (ECF No. 1124), of the Honorable Magistrate Judge Hoffman's Order, (ECF No. 1059), denying Defendant's request to reopen the detention hearing. The Government filed a Response, (ECF No. 1138), and Defendant filed a Reply, (ECF No. 1148).[1] For the reasons discussed below, Defendant's Motion for Review of Judge Hoffman's Order is **DENIED**.

**I. BACKGROUND**

Defendant has been charged with Conspiracy to Participate in a Racketeering Enterprise in violation of 18 U.S.C. § 1962(d). (*See* Superseding Indictment, ECF No. 13). On June 16, 2017, Defendant made his initial appearance before the United States District Court for the Central District of California. (Rule 5(c)(3) Docs. at 4, ECF No. 151). The Government sought detention and Defendant requested release. (*See id.* at 15–18). After a full detention hearing, the Honorable Magistrate Judge Rosenbluth ("Judge Rosenbluth") ordered Defendant detained pending trial as a danger to the community and a risk of flight. (*Id.*); (*see also* Detention Hr'g Tr. 31:3–7, Ex. A to Mot. to Reopen, ECF No. 667). Judge Rosenbluth found that detention

---

[1] Local Rule IB 3-5, governing the review of magistrate judges' release and detention orders, provides that replies are allowed only with leave of court. Here, Defendant did not seek leave of court before filing his Reply. As such, Defendant's Reply is hereby **STRICKEN**.

was necessary based on Defendant's insufficient bail resources, retirement status, nature of the charge and potential penalties faced, and the danger Defendant posed to the community based on the allegations in the indictment. (Rule 5(c)(3) Docs. at 17–18).

Defendant was subsequently transferred to the District of Nevada. (*See* Mins. of Proceedings, ECF No. 190). On June 27, 2017, Defendant filed his First Motion to Reopen Detention Hearing, (ECF No. 234). The Honorable Magistrate Judge Hoffman ("Judge Hoffman") denied Defendant's Motion on August 2, 2017. (Order 2:15–3:4, ECF No. 363).

Defendant filed an Objection, (ECF No. 391), to the order denying his First Motion to Reopen Detention Hearing, which was ultimately overruled on February 28, 2018. (Order 2:4–18, ECF No. 539).

On June 28, 2018, Defendant filed a Second Motion to Reopen Detention Hearing, (ECF No. 667). On August 13, 2018 Judge Hoffman denied Defendant's Motion, finding that Defendant's background, family ties, bail resources, and Defendant's assessment of the seriousness of the offenses does not constitute new material evidence. (Order 3:4–9, ECF No. 1059). Defendant now appeals Judge Hoffman's August 13, 2018 Order.

## II. LEGAL STANDARD

Title 18 U.S.C. § 3145(b) provides that "[i]f a person is ordered detained by a magistrate judge . . . the [detained] person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The district judge reviews the magistrate judge's decision *de novo*, but the "court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). The standard of review for pretrial detention orders is one of deference to the [magistrate judge's] factual findings, absent a showing that they are clearly erroneous, coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld. *United States v. Gebro*, 948 F.2d 1118, 1121

(9th Cir. 1991) (citing *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985)). The district judge must ultimately make her own *de novo* determination of the facts and of the propriety of detention. *Koenig*, 912 F.2d at 1193.

The Bail Reform Act, 18 U.S.C. § 3142(f), permits the court to reopen a detention hearing before trial on two findings: (1) "information exists that was not known to the movant at the time of the hearing," and (2) that information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." This provision is strictly interpreted: if evidence was available at the original hearing, no rehearing is granted. *United States v. Ward*, 63 F.Supp.2d 1203, 1206 (C.D. Cal. 1999) (citations omitted). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine*, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citing *United States v. Rodriquez-Adorno*, 606 F.Supp.2d 232, 239 (D.P.R. 2009)).

### III. DISCUSSION

In support of his request to reopen his detention hearing, Defendant presents an array of information which he argues is new and material evidence that "mitigates against any danger to the community or risk of flight." (Mot. for Review 3:3–4, ECF No. 1124). Regarding danger, Defendant points out that a number of his co-defendants, some of which are facing more serious charges than he is, have been released with conditions and have adhered to those conditions. (*Id.* 3:12–5:11). Defendant asserts this is new material evidence because Judge Rosenbluth determined that Defendant is a danger based on "the allegations in the Indictment, not just as to [Defendant] personally, but as to how members of the Vagos motorcycle gang take instructions from their leaders and the sorts of behavior that they engage in." (Detention

Hr'g Tr. 31:3–7, Ex. A to Mot. to Reopen, ECF No. 667); (*see also* Mot. for Review 3:14–4:5). Defendant further argues that evidence obtained in discovery contradicts the overt act described in paragraph 26 ("Overt Act 26") of the Superseding Indictment because it does not show that he ordered the attack of a rival gang member or that he had the authority to order a "green light." (Mot. for Review 5:19–7:25).

Regarding risk of flight, Defendant asks the Court to consider his offer of his aunt's home as collateral for a bond as it was not available at the original detention hearing before Judge Rosenbluth. (*Id.* 8:13–17). Defendant further represents that recently discovered family ties are "invaluable" to him and mitigate against risk of flight. (*Id.* 8:1–12). Lastly, Defendant argues that the Court should also consider, *inter alia*, his long-term sobriety, minimal criminal history, and the fact that he does not possess a passport. (*Id.* 8:18–9:6).

The Government responds, and the Court agrees, that Defendant has not presented new information that has a material bearing on whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of any other person and the community. (Resp. 3:14–21, ECF No. 1138). First, Defendant's arguments concerning the pretrial release of a number of co-defendants is unpersuasive. Defendant emphasizes the he should be released because some of those co-defendants are facing more serious charges than he is. But Defendant's analysis is over-simplified. The Court notes that a certain factor or type of information, individually or in the context of others, might be construed as favoring pretrial release in some cases, but not in others. *See United States v. Ward*, 63 F. Supp. 2d 1203, 1208 (C.D. Cal. 1999).

Additionally, Defendant's argument regarding Overt Act 26 and the weight of the evidence fails. As the Government explains, "whether the [green light] order in Overt Act 26 came from the Defendant or was relayed by the Defendant from other international leaders does not change the seriousness of the overt act or the weight of the evidence against Defendant as to

the overt act." (Resp. 10:4–7). Further, Defendant's argument neither addresses nor mitigates allegations contained in other parts of the Superseding Indictment. (*See, e.g.*, Superseding Indictment ¶¶ 18, 24, 25, 99, ECF No. 13). As such, the information provided by Defendant does not alleviate the concerns regarding safety.

Turning now to risk of flight, the Court finds that increased bail resources and family ties may be newly-available information but this is nevertheless immaterial as it does not change Defendant's retirement status, the nature of the crime charged, or the crime's potential penalties. Lastly, evidence concerning Defendant's long-term sobriety, minimal criminal history, and the fact that he does not possess a passport does not constitute information that was not known to Defendant at the time of the detention hearing. *See* 18 U.S.C. § 3142(f).

Accordingly, after independent analysis, the Court agrees with Judge Hoffman's finding that given the seriousness of the allegations, Defendant's family background, family ties, bail resources, and Defendant's assessment of the seriousness of the offenses in not new and material evidence that would permit the Court to reopen Defendant's detention hearing. (*See* Order 3:4–9, ECF No. 1059). Defendant's Motion for Review of Judge Hoffman's Detention Order is **DENIED**.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion for Review of Judge Hoffman's Detention Order, (ECF No. 1124), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Reply, (ECF No. 1148), is **STRICKEN**.

**DATED** this __13__ day of December, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court