**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-00265-GMN-NJK-23 |
| vs. ) | |
| ) | **ORDER** |
| JOHN CHRISPIN JUAREZ, ) | |
| ) | |
| Defendants, *et al.*, ) | |
| ) | |

Pending before the Court is Defendant John Juarez's ("Juarez") Objection, (ECF No. 1359), to the Magistrate Judge's Order, (ECF No. 1343), denying the Motion for Appointment of Additional Counsel, (ECF No. 1051), filed by Defendant Bert Wayne Davisson, and joined by Juarez, (ECF No. 1092).

Also pending before the Court is Juarez's Objection, (ECF No. 1427), to the Magistrate Judge's Order, (ECF No. 1413), denying Juarez's Motion for Appointment of Appellate Counsel, (ECF No. 1410).

Also pending before the Court is Juarez's Motion Requesting Ruling, (ECF No. 1856), on Juarez's Objection, (ECF No. 1359).

### I. LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United*

*Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute [his or her] judgment" for that of the magistrate judge. *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## II. **DISCUSSION**

### A. Objection, (ECF No. 1359)

In his Objection, Juarez argues that he should be appointed a second attorney because this case has been certified complex, discovery is voluminous, and because "[t]he interests of justice and fundamental fairness dictates that two attorneys should be appointed to represent Juarez, just as others who are currently similarly situated have been afforded the assistance of two lawyers."[1] (Obj. 1:22–28, ECF No. 1359).

Upon review of the underlying filings, (*see* ECF Nos. 1051, 1092, 1181), the Court does not find that Judge Hoffman's Order is clearly erroneous or contrary to law. Specifically, Judge Hoffman found that "Defendants' arguments do not provide a cognizable basis to appoint additional counsel under the Criminal Justice Act." (J. Hoffman's Order 2:6–8, ECF No. 1343) (citing 18 U.S.C. § 3005). In making this finding Judge Hoffman relied on 18 U.S.C. § 3005 (Counsel and witnesses in capital cases). (*Id.*). While Juarez's Objection makes additional arguments based on CJA Guideline § 230.53.20[2] and case law, (Obj. at 2–3, ECF No. 1359), those arguments were not presented in the underlying motion. (*See generally* Davisson Mot. for

---

[1] Juarez objects to Judge Hoffman's Order, (ECF No. 1343), but does not state whether he maintains that Judge Hoffman's ruling is clearly erroneous, contrary to law, or both. Juarez also fails to make specific objections to Judge Hoffman's Order in accordance with this District's Local Rule IB 3-1.

[2] CJA Guideline § 230.53.20 provides that, "[i]n an extremely difficult case where the court finds it in the interest of justice to appoint an additional attorney, each attorney is eligible to receive the maximum compensation allowable under the CJA."

Appointment of Additional Counsel, ECF No. 1051). Moreover, even taking into account Juarez's new arguments, the Court finds that Juarez has not presented sufficient facts showing that Juarez's case is "extremely difficult," under CJA Guideline § 230.53.20. Accordingly, Juarez's Objection, (ECF No. 1359), is **OVERRULED**. [3]

### B. Objection, (ECF No. 1427)

Juarez objects to Judge Hoffman's Order, (ECF No. 1413), as being clearly erroneous. (Obj. at 4, ECF No. 1427). In the Order, Judge Hoffman denies Juarez's request for appointment of CJA appellate counsel to assist in Juarez's appeal of his pretrial detention order. (J. Hoffman's Order, ECF No. 1413). Juarez requests that the Court "vacate the magistrate judge's order and appoint CJA appellate counsel to assist Mr. Juarez in his FRAP 9(a) Interlocutory Appeal[.]" (Obj. at 4, ECF No. 1427).

A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). Here, Juarez does not argue that any specific mistake was made. He simply disagrees with Judge Hoffman's finding that the continuance of Juarez's trial reduced time constrains, and thus allowed Juarez's counsel to timely appeal the detention order. Therefore, the Court does not find that Judge Hoffman's Order, (ECF No. 1413), is clearly erroneous. *See Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988) (providing that a district judge "may not simply substitute [his or her] judgment" for that of the magistrate judge). Moreover, Juarez's Objection to the Order is moot because Juarez's appeal has since been resolved by the Ninth Circuit Court of Appeals. (USCA

---

[3] Because the instant Order provides the relief requested in Juarez's Motion Requesting Ruling, (ECF No. 1856), the Motion Requesting Ruling, (ECF No. 1856), is **DENIED as moot**.

Order, ECF No. 1472) (affirming the Court's pretrial detention order). Accordingly, Juarez's Objection, (ECF No. 1427), is **OVERRULED as moot**.

III. **CONCLUSION**

**IT IS HEREBY ORDERED** that Juarez's Objection, (ECF No. 1359), is **OVERRULED**.

**IT IS FURTHER ORDERED** that Juarez's Objection, (ECF No. 1427), is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that Juarez's Motion Requesting Ruling, (ECF No. 1856), is **DENIED as moot**.

**DATED** this __25__ day of November, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court